11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Gayland
Carson, Jim Swann, Monte Tatum,

Carroll Land, John Pennington, and Fred Couch  

Appellants

Vs.                   No. 11-01-00287-CV B Appeal from Comanche
County

Monique
Johnston, President, Gustine Independent

School District Board of Trustees

Appellee

 

This is an appeal from the denial of an election
contest.  We affirm the judgment of the
trial court.

On May 5, 2001, the Gustine Independent School
District (Gustine ISD) conducted an election for school board trustees and for
the approval of a 1.6 million dollar bond issue.  The bond issue passed by a three-vote margin of 91 votes in favor
and 88 votes against.  Appellants filed
a contest challenging the election pursuant to TEX. ELEC. CODE ANN. '' 221.001 et seq. &
233.001 et seq. (Vernon 1986 & Supp. 2001).  The trial court denied the contest, and appellants perfected this
appeal.  

It is undisputed that the boundaries for the
school district include portions of the four voting precincts in Comanche
County, that the election was conducted with certified voter registration lists
of the entire four precincts, and that a list of only those voters residing in
the Gustine ISD was not requested.  On
appeal, appellants argue that they can not show which illegal votes were cast
because there was never a list of only those voters eligible to vote in the
school district election; therefore, the May 5 election was illegal.  We disagree.








We note that, as opposed to an Aordinary lawsuit,@ an election contest is a
special legislative proceeding.  Rossano
v. Townsend, 9 S.W.3d 357 (Tex.App. - Houston [14th Dist.] 1999, no pet=n).  Section 221.003 of the Election Code
provides that the trial court inquires into whether the outcome of the election
was not the Atrue
outcome@ due to the
casting of illegal votes or due to the actions of an election official. To
prevail, the proponents of an election contest must establish not only that a
violation of the election code occurred but also that the violation materially
affected the outcome of the election. Price v. Lewis, 45 S.W.3d 215 (Tex.App. -
Houston [1st Dist.] 2001, no pet=n);
Olsen v. Cooper, 24 S.W.3d 608 (Tex.App. - Houston [1st Dist.] 2000, no pet=n); Honts v. Shaw, 975
S.W.2d 816 (Tex.App. - Austin 1998, no pet=n);
Tiller v. Martinez, 974 S.W.2d 769 (Tex.App. - San Antonio 1998, no pet=n); Guerra v. Garza, 865
S.W.2d 573 (Tex.App. - Corpus Christi 1993, no pet=n). 
The courts have recognized that this a Aheavy@ burden. Price v. Lewis,
supra; Olsen v. Cooper, supra.  The
standard of review on appeal is whether the trial court abused its
discretion.  Price v. Lewis, supra;
Olsen v. Cooper, supra; Rossano v. Townsend, supra; Honts v. Shaw, supra;
Tiller v. Martinez, supra; Guerra v. Garza, supra.

Appellants contend that, because Gustine ISD
failed to secure a list of only those voters eligible to vote in the Gustine
ISD, it was impossible for them to sustain their burden to establish the number
of actual voters who were ineligible and how they voted.  Therefore, appellants argue that Gustine ISD=s failure violated the
Texas Election Code in a material way which affected the outcome of the May 5
election.  Appellants are attempting to
impose a requirement not found in the Texas Election Code.  TEX. ELEC. CODE ANN. ' 18.001 (Vernon Supp. 2001) provides that each
year the registrar shall prepare a certified list of registered voters for each
precinct in the county.  Section 18.001
only requires the registrar to prepare Aa
list that contains only the names of the voters who reside in the political
subdivision@ when a
proper request by the election authority is made.[1]  Neither Section 18.001 nor any other section
of the Texas Election Code required Gustine ISD to have the specialized list
prepared as a prerequisite to a valid election.








Although it might be helpful, a specialized list
is not necessary for a proper election. 
When a voter signs the voter roster prior to voting, the voter is
certifying that he or she meets the residency requirements for the
election.  TEX. ELEC. CODE ANN '' 63.0011 & 63.002
(Vernon Supp. 2001).  By comparing the
names on the voter rosters or poll lists with the certified lists of registered
voters for the precincts and the map of the school district, appellants could
have determined which voters were residents of the school district and, thus,
were eligible voters and which voters were not.  The chief appraiser testified that her map and the county clerk=s map showed the same
boundaries for the Gustine ISD.  The
chief appraiser further testifed that she has a metes and bounds description of
Gustine ISD. 

Carroll Land testified that, while he believed it
was in the Gustine Independent School District, his residence was in fact in
the Hamilton Independent School District and that he paid school taxes to the
Hamilton district but paid no school taxes to the Gustine district.  Rhonda Woods, the Chief Appraiser for the
Comanche Central Appraisal District, and Ruby Lesley, the Comanche County
Clerk,  each testified that, from the
records in their offices, they determined that 
Land=s
residence was in the Hamilton school district and not in the Gustine ISD.  After the trial court determined that he was
not an eligible voter and had cast an illegal ballot, Land testified that he
had voted against the bond issue.  The
only other illegal voter identified at trial was Dr. Lawrence Craig Petta.  Dr. Petta testified that after the election
he learned that he lived outside the Gustine ISD and that he had voted in favor
of the bond issue. 

With only two illegal voters identified[2]
(one voting in favor of the bond issue and one voting against the bond issue)
and no proof of material irregularities which affected the outcome of the
election, appellants did not sustain their burden at trial.  The trial court did not abuse its discretion
by denying the contest.

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

October 18, 2001

Publish.  See TEX.R.APP.P.
47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Gay Horton, voter registrar for Comanche County,
testified she was not requested to prepare a list of only the registered voters
in the Gustine Independent School District. 
Appellants could have requested the list under TEX. ELEC. CODE ANN. ' 18.013 (Vernon Supp. 2001) but did not.





[2]Land testified that his wife voted in the election, but
Mrs. Land did not testify at trial. 
There was no evidence as to how she voted.